1  CHARLES J. McKEE  #152458
   County Counsel
2  PATRICK McGREAL  #118555
   Deputy County Counsel
3  County of Monterey
   168 W. Alisal Street, 3rd Floor
4  Salinas, California  93901-2680
   mcgrealp@co.monterey.ca.us
5
   Telephone:  (831) 755-5045
6  Facsimile:   (831) 755-5283

7

8  Attorneys for Defendants
         DEAN FLIPPO, CAROL REED,
9        MURAT OZGUR, COUNTY OF MONTEREY

10

                 **UNITED STATES DISTRICT COURT**
11
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12

13

   WALTER L. WAGNER,                    Case No. C 05-2863 JSW
14
            Plaintiff,
15                                        **MEMORANDUM OF POINTS AND**
   v.                                     **AUTHORITIES IN SUPPORT OF**
16                                        **MONTEREY COUNTY DEFENDANTS'**
                                          **MOTION TO DISMISS COMPLAINT**
   DEAN FLIPPO, CAROL REED, MURAT         **PURSUANT TO RULE 12(b)(6)**
17 OZGUR, COUNTY OF MONTEREY,
   JOHN DOES 1-10, JANE DOES 1-10,
18                                        Documents  Filed Concurrently:
            Defendants.
19                                        1.       Notice of Motion and Motion
                                          2.       [Proposed] Order
20 _____/

21                                        **Date:  November 4, 2005**
                                          **Time: 9:00 am**
22                                        **Dept:  Courtroom 2, 17th Floor**

23  / / /

24  / / /

25  / / /

26  / / /

1

## TABLE OF CONTENTS

2  I. INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  II. FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5      A.    COUNTY DEFENDANTS ARE ABSOLUTELY IMMUNE BASED UPON THE
            DOCTRINE OF PROSECUTORIAL IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . 2
6
       B.    PLAINTIFF IS BARRED FROM SEEKING CIVIL DAMAGES
7            ON ANY STATE CLAIMS BECAUSE OF FAILURE
             TO PRESENT A GOVERNMENT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
8
9  IV. CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Hunter v. Bryant*, 502 U.S. 224, 227-28 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Imbler v. Pachtman* (1976) 424 U.S. 409 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Marlowe v. Coakley* (9th Circuit 1969) 404 F.2d 70 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

<u>MISCELLANEOUS</u>

F.R.C.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

Penal Code § 166(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

California Government Code § 26500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Government Code § 910, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# I.  INTRODUCTION

This is an action filed by plaintiff, WALTER L. WAGNER, (hereinafter "Plaintiff"), alleging damages arising out of his prosecution on criminal charges related to a twenty-seven year history of stalking and harassment by Plaintiff.

Defendants, DEAN FLIPPO, CAROL REED, and  MURAT OZGUR were, at the time of the criminal prosecution, members of the District Attorney's Office of defendant COUNTY OF MONTEREY, (hereinafter referred to as the "County Defendants").

This Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) is brought on the grounds that all defendants are absolutely immune from this suit based on the doctrine of prosecutorial immunity.

# II.  FACTUAL AND PROCEDURAL BACKGROUND

Background information stated below is summarized from the transcript of the oral statement of decision delivered by Judge Albert Maldonado,  Superior Court of California - Appellate Division, County of Monterey, Case Number MS 198739A and from court records referred to by Judge Maldonado.

Plaintiff seeks damages arising from a Monterey County Superior Court criminal case, Case Number MS 198739A, an action bringing criminal contempt charges pursuant to Penal Code § 166(a)(4).   In particular, Plaintiff was charged with violating a stipulated permanent injunction entered in the Sacramento County Superior Court in 1977.

The permanent injunction restrained Plaintiff from contacting a Ms. Gail Morton, an attorney, in any way.  Subsequently, in 1981, an action was brought by Plaintiff seeking damages related to a newspaper article.  That action was settled by a mutual release in which Plaintiff and Ms. Morton agreed to "dismiss forthwith, with prejudice, any action pending"and "to not make derogatory, untruthful, or unfriendly remarks" about each other.  Despite the mutual release, the permanent injunction was never dismissed, dissolved, vacated, or otherwise invalidated.

After 1981 Plaintiff continued to stalk and harass MS. Morton leading to the entry of a Domestic Violence Order being entered in the Monterey County Superior Court Case No. DVH 1325 restraining

1   Plaintiff from approaching within 100 yards of Ms. Morton or her workplace.

2         On November 9, 2001, Plaintiff appeared in the Santa Clara courthouse where Ms. Morton was

3   appearing. On that same day he presented himself at her father's house in Pacific Grove and, later, left a card

4   at the merchant neighboring her workplace requesting that the merchant "make sure she . . . personally gets

5   my card."

6         Ms. Morton contacted the Pacific Grove Police Department and informed them that she had a 1977

7   permanent injunction and that she was being stalked and harassed in violation of that injunction. The police

8   contacted a judge who, based on the permanent injunction, apparently ordered Plaintiff's arrest.

9         Plaintiff was stopped on the way to the San Jose Airport on November 10, 2001. In his possession

10  were three knives and descriptions of all employees at Ms. Morton's workplace. Plaintiff was then charged

11  with criminal contempt.

12        Ultimately, the Appellate Division of the Monterey County Superior Court found that the mutual

13  release dissolved the permanent injunction and Plaintiff should, instead, have been charged under California

14  stalker statutes.

15  ### III.  ARGUMENT

16  **A.      COUNTY DEFENDANTS ARE ABSOLUTELY IMMUNE BASED**
          **UPON THE DOCTRINE OF PROSECUTORIAL IMMUNITY**.

17

18        Federal Rules of Civil Procedure ("FRCP") rule 12(b)(6) allows defendants to make a motion to

19  dismiss <u>for failure to state a claim upon which relief can be granted</u>. (Emphasis added.) Monterey County

20  Defendants assert that the doctrine of prosecutorial immunity provides a full and complete defense in this

21  FRCP rule 12(b)(6) motion.

22        Immunity is an issue to be resolved at the early stages of litigation. *Hunter v. Bryant*, 502 U.S. 224,

23  227-28 (1991). The issue of immunity is one appropriately determined by the court before trial; it is

24  immunity to suit and not just a defense to liability. *Hunter*, *supra*., at 227-228.

25        Monterey County Defendants are absolutely immune based upon prosecutorial immunity. That

26

---

*Wagner v. County of Monterey, et al*          **Court Case No.:  C05-2863 JSW**
**MEMORANDUM OF P & A's IN SUPPORT OF MONTEREY COUNTY DEFENDANTS' MOTION TO DISMISS**

2

1    immunity is absolute and has been established in the case of *Imbler v. Pachtman* (1976) 424 U.S. 409, and

2    in the case of *Marlowe v. Coakley* (9th Circuit 1969) 404 F.2d 70.

3        In *Marlowe v. Coakley* (9th Circuit 1969) 404 F.2d 70, the appellant had filed a civil rights suit under

4    42 U.S.C. Section 1983 against the District Attorney of Alameda County and his assistants.  The District

5    Court dismissed the suit even thought the appellant alleged that the District Attorney and his assistants had

6    "knowingly and willfully, or with gross negligence, presented perjured testimony to the grand jury

7    investigating appellant's activities . . . and willfully and deliberately suppressed from the grand jury

8    exculpating evidence within their knowledge." *Marlowe*, 404 F.2d 70.  The grand jury indicted the appellant,

9    but he was acquitted in the state court trial.  The court held that the prosecuting attorney was immune

10    because the acts "were committed by the officer in the integral part of the judicial process." *Marlowe*, 404

11    F.2d 70.

12        The decision by the District Attorney as to whether or not to file criminal charges against a person

13    possibly involved in a crime is one of the essential elements of a prosecutor.  That decision and discretion is

14    vested with the District Attorney as part of the criminal judicial process.  California Government Code section

15    26500 provides as follows:

16        The district attorney is the public prosecutor, except as otherwise provided by
17        law.  The prosecutor shall attend the courts, and within his or her discretion
        shall initiate and conduct on behalf of the people all prosecutions for public
18        offenses.  (Emphasis added.)

19    As was stated in the *Imbler* case,

20        A prosecutor is duty bound to exercise his best judgment both in deciding
        which suits to bring and in conducting them in court.  The public trust of the
21        prosecutor's office would suffer if he were constrained in making every
        decision by the consequences in terms of his own potential liability in a suit for
22        damages. (Emphasis added.) *Imbler v. Pachtman* (1976) 424 U.S. 409, 424,
        425.

23        In the present case, the County Defendants exercised their judgment and discretion as required by law

24    and are absolutely immune from liability for that exercise of discretion and judgment.

25

26

**B.     PLAINTIFF IS BARRED FROM SEEKING CIVIL DAMAGES ON ANY STATE CLAIMS BECAUSE OF FAILURE TO PRESENT A GOVERNMENT CLAIM.**

Plaintiff has not filed any California Government Code claim against the public entity County of Monterey or its employees as required by California Government Code sections 910 et seq. To the extent that the Plaintiff may seek state claims or set forth state causes of action, as relief, the Plaintiff is barred from any recovery because of his failure to present any government claim.

## V. CONCLUSION

Federal Rules of Civil Procedure ("FRCP") rule 12(b)(6) provides the federal rule to allow defendants to make a motion to dismiss for failure to state a claim upon which relief can be granted. in this case, the Monterey County Defendants initiated and conducted a criminal prosecution through the exercise of their best judgment and assert that the doctrine of prosecutorial immunity provides a full and complete defense. Consequently, plaintiff has not and cannot state a claim upon which relief can be granted.

DATED:  August 16, 2005

CHARLES J. McKEE
County Counsel


_____/s/_____
PATRICK McGREAL
Deputy County Counsel

*F:\WPWIN60\TXT\LIT\400\WAGNER\Mtn to Dismiss P& A.vpd*