United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER L. WAGNER,

        Plaintiff,

  v.

DEAN FLIPPO; CAROL REED;
MURAT OZGUR; and
THE COUNTY OF MONTEREY,

        Defendants.
_____/

No. C 05-2863 JSW

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

        Now before the Court is the motion for reconsideration filed by Plaintiff Walter L. Wagner.[1] Plaintiff requests reconsideration of the Court order issued on November 8, 2005 granting the motion by defendants, members of the Monterey District Attorney's Office, and the County of Monterey (collectively "Defendants"), to dismiss for failure to state a claim upon which relief can be granted. Having carefully reviewed Plaintiff's papers and considered the relevant legal authority, and good cause appearing, the Court hereby DENIES Plaintiff's motion for reconsideration.

        A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the

---

[1] Although Plaintiff should have moved the Court for leave to file a motion for reconsideration, because Plaintiff appears *pro se*, the Court will overlook this strict procedural requirement. Civil L.R. 7-9(a).

Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

Plaintiff moves for reconsideration because the Court "obtained a mistaken notion of the facts . . . and . . . relevant law." (Mot. for Reconsideration at 1.) Plaintiff makes two arguments to support the motion. First, Plaintiff contends that the Court erroneously relied on *Morton v. Wagner,* No. H024187, 2003 WL 21456517 (Cal. App. June 24, 2003) for the procedural history of the case. Second, Plaintiff argues that the Court incorrectly dismissed Plaintiff's complaint because it applied the wrong legal analysis, although Plaintiff cites no legal authority supporting his understanding of the law.

Plaintiff first contests the veracity of the facts set forth in the *Morton* opinion. (Mot. for Reconsideration at 1-2.) The Court's analysis of whether Defendants enjoyed absolute prosecutorial immunity from suit and were thus immunized against Plaintiff's action, however, was not dependent upon the truth or falsity of the facts set forth in the *Morton* opinion. On a motion to dismiss, the complaint is construed in the light most favorable to the nonmoving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court, in deciding to dismiss, took the material allegations in Plaintiff's complaint as true - namely, that the injunctive order which Defendants used to prosecute Plaintiff had been voided. The Court referred to the *Morton* case only to provide a broader context for the parties' allegations. In so doing, the Court still construed the complaint in the light most favorable to Plaintiff. Therefore, contrary to Plaintiff's assertion that the Court relied on a "mistaken notion of the facts" to reach its decision, Plaintiff has not demonstrated a manifest failure by the Court to consider the material facts, or a material difference in fact or the emergence of new material facts that would alter the analysis of this Court's order dated November 8, 2005 granting the Defendants' motion to dismiss. *See* Civ. L.R. 7-9(b).

Plaintiff also contends that the Court erroneously dismissed his complaint by employing an absolute prosecutorial immunity analysis, which, according to Plaintiff, does not apply in situations where the prosecution is based on an invalid law. Plaintiff, however, provides no legal

2

authority for this proposition. Without such legal authority, Plaintiff cannot demonstrate that a material difference in law exists, or has emerged that would allow the Court to reconsider its decision. *See* Civ. L.R. 7-9(b)(1)-(2).

Furthermore, Plaintiff's argument erroneously focuses on the substance of the law upon which a prosecution is grounded. The prosecutorial immunity inquiry focuses on the nature of the challenged conduct, not on the identity or intent of the actor, and not on the validity of the prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). Because Plaintiff acknowledges that Defendants' conduct was prosecutorial in nature, Plaintiff has not demonstrated a "manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court." *See* Civ. L.R. 7-9(b)(3). Plaintiff has not provided a proper basis for reconsideration. Therefore, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: December 1, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3